UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

THOMAS E. SMITH,                         )
                                         )
            Plaintiff,                   )
                                         )
        v.                               )          CV-08-114-P-DBH
                                         )
FEDERATED DEPARTMENT                     )
STORES, INC.,                            )
                                         )
            Defendant                    )

RECOMMENDED DECISION ON
MOTION FOR SUMMARY JUDGMENT

According to the complaint, filed April 7, 2008, *pro se* Plaintiff, Thomas E. Smith,

suffered a personal injury on April 13, 2002, while walking in the parking lot outside of the

Macy's store in South Portland.  Roughly six years later, he has commenced this diversity suit

against Defendant Federated Department Stores, Inc., the parent corporation of both Macy's East,

Inc., which operated the store, and of Federate Corporate Services, Inc., which employed the

staff of the Macy's store.  Now pending is Federated Department Stores' Motion for Summary

Judgment, which is based on the simple defense that it cannot have liability for this slip and fall

injury because it has never been either the owner or the operator of the premises in question.

The motion is properly supported by a Local Rule 56 statement of material facts, which, in turn,

is supported by an affidavit sworn to by a vice president of operations for Macy's Corporate

Services.[1]  *Pro se* Plaintiff Smith has not interjected any objection to the motion.  I recommend

---

[1]     The Defendant has changed its name to Macy's, Inc.  The affiant, Rodney Haynes, relates that, as the
Operational Vice President of Macy's Corporate Services, he is "familiar with the corporate structure and holdings
of the corporations which own and operate Macy's stores" and has access to the business records needed to testify

that the Court grant the motion and dismiss the case.  Based on undisputed record, the Plaintiff

has sued the wrong Defendant.

## Facts

The following facts are material to the motion for summary judgment.  The facts are

drawn from the Defendant's statement of material facts filed in accordance with Local Rule 56.

See Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 259-60 (D. Me. 2004) (outlining the

mandatory procedure for establishing factual predicates needed to support or overcome a

summary judgment motion); Toomey v. Unum Life Ins. Co., 324 F. Supp. 2d 220, 221 n.1 (D.

Me. 2004) (explaining "the spirit and purpose" of Local Rule 56).  Because the statements are

properly submitted, and supported, and because they have not been controverted by the Plaintiff,

they are deemed admitted.  D. Me. Loc. R. 56(f); Demmons v. Tritch, 484 F. Supp. 2d 177, 180

(D. Me. 2007).

For purposes of the instant motion, it is undisputed that the named Defendant neither

owned nor operated the premises in question at the time of the alleged incident or at any other

time.  Nor did the named Defendant ever employ the personnel who operate the store.  To the

contrary, the entities that owned the premises, operated the store, and employed the store's

personnel were wholly-owned subsidiaries of the named Defendant.  (Def.'s Statement of

Material Facts ¶¶ 2-7.)

## Discussion

A party moving for summary judgment is entitled to judgment in its favor only "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

on the matter of which entity owned the premises and which entity employed the staff at the Macy's store.  (Aff. of
Rodney Haynes ¶ 2, Doc. No. 17-2.)

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its

resolution would "affect the outcome of the suit under the governing law," and the dispute is

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

      The Defendant argues that it cannot have owed the Plaintiff any duty of care to make the

premises reasonably safe because the Defendant was not in possession of the premises. This

argument is legally sound. Whether a duty of care is owed is a question of law, and under Maine

law it is the person or entity in possession of land who owes invitees a duty of care. "In

determining whether a defendant owed a duty of care and may be liable for defects in land

causing injury, the court must first establish that the defendant was, in fact, the possessor of the

land at the time of the injury. A possessor of land is one who, by occupancy, manifests an intent

to control the land." Quadrino v. Bar Harbor Banking & Trust Co., 588 A.2d 303, 305 (Me.

1991) (citations omitted). The Defendant's factual presentation relates that it neither owned nor

operated the premises in question and that it did not employ the store personnel who might have

exercised any duty of care over the premises. This showing is sufficient to establish that the

Defendant was not the entity who owed the Plaintiff a duty of care to make the premises

reasonably safe. There is no responsive showing suggesting any alternative theory as to why the

Defendant should be deemed liable for the alleged breach of care of its subsidiaries, which have

a "separate corporate existence" apart from their parent, Advanced Constr. Corp. v. Pilecki, 2006

ME 84, ¶ 12, 901 A.2d 189, 195 (describing the showing necessary to pierce the corporate veil),

and there is no request under Rule 56(f) for leave to conduct discovery into any issues germane

to the Defendant's potential liability.

**Conclusion**

For the foregoing reasons, I RECOMMEND that the Court GRANT the Defendant's

Motion for Summary Judgment[2] (Doc. No. 16).

NOTICE

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within ten (10) days of being served
with a copy thereof.  A responsive memorandum shall be filed without ten (10)
days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de
novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 27, 2008

---

[2]      The Defendant also maintains that the complaint should be dismissed because "[t]here are no
documents which show that the Plaintiff actually made service as required under Rule 4 of the Federal Rules of Civil
Procedure."  (Mot. at 5.)  The Defendant's statement of material fact is more clear:  "Plaintiff did not make service
on the Defendant."  (Def.'s Statement ¶ 10, citing July 29, 2008 ECF Notice (Doc. No. 14).)  On May 6, 2008, I
granted the Plaintiff's motion for service, instructing the Clerk to prepare service documents for the U.S. Marshal to
serve upon the Defendant, indicating that the Marshal may attempt service by waiver.  (See Doc. No. 11.)  The
process receipt and return appears to indicate that the complaint and summons were merely mailed to the Defendant
in Ohio.  If the Defendant does not want to waive service within the timeframe allowed for an objection to this
Recommended Decision, then the Court may prefer to dismiss the complaint without prejudice.

4